UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS HAGGERTY : | |
| SUSANNAH BLOOD : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | C. A. No. 1:22-cv-00235-WES-PAS |
| : | |
| U.S. BANK NATIONAL ASSOCIATION AS : | |
| TRUSTEE FOR STRUCTURED ASSET : | |
| INVESTMENT LOAN TRUST MORTGAGE : | |
| PASS THROUGH CERTIFIEDS, SERIES 2005-4; : | |
| PHH MORTGAGE CORPORATION : | |
| : | |
| Defendants. : | |

**DEFENDANTS' OBJECTION TO MOTION TO REMAND**

Defendants U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass Through Certifieds, Series 2005-4 ("U.S. Bank as Trustee") and PHH Mortgage Corporation ("PHH;" collectively "Defendants") hereby object to the Motion to Remand ("Motion") filed by plaintiffs Thomas Haggerty and Susannah Blood ("Plaintiffs"). Plaintiffs' sole ground for remand is that the amount in controversy does not exceed $75,000 and therefore, this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). However, Plaintiffs' argument lacks merit because the Complaint challenges Defendants' ownership of the promissory note and mortgage that Plaintiffs executed. *See* Complaint attached as Exhibit A to the Notice of Removal [ECF No. 1-2] ("Complaint" or "Compl.") at ¶ 8, 45, 64, 77. Therefore, under prevailing case law, the amount in controversy exceeds the statutory threshold, and removal was proper.

**I.     ALLEGATIONS OF THE COMPLAINT**

The following overview consists of allegations in the Complaint, taken in the light most favorable to Plaintiffs for the purpose of opposing this Motion to Remand. By reciting these

128295460v.5

allegations, Defendants do not admit them. *Katz v. Pershing, LLC,* 672 F.3d 64, 70 (1st Cir. 2012) (in considering motion to dismiss for lack of standing, court should "accept as true all well-pleaded factual averments in the plaintiff's ... complaint and indulge all reasonable inferences therefrom in his favor" (internal quotation marks omitted)).

### A.    The Ownership of the Note and Mortgage.

The Complaint alleges that on December 30, 2004, Plaintiffs granted a $238,000.00 promissory note ("Note") in favor of Option One Mortgage Corporation ("OOMC"). Compl. ¶ 3, Exhibit A thereto. The Note contained "a purported Allonge with a purported blank endorsement, which was executed prior to [Plaintiffs'] signing the note and prior to the closing." *Id.* The Complaint also alleges that the allonge was dated December 30, 2004, but Plaintiffs were given a three business day right of rescission, and interest began accruing on the loan on January 6, 2005. *Id.* ¶¶ 3-5.

Also on December 30, 2004, Plaintiffs executed a mortgage ("Mortgage") in favor of OOMC, secured by real property Plaintiffs own and reside in at 7 Nichols Road, South Kingstown, Rhode Island. Compl. ¶¶ 1, 6; Exhibit B thereto. The Complaint alleges that Plaintiffs continue to owe approximately $270,000.00 on the Note and that the secured property "has a value of close to $500,000.00." *Id.* ¶ 40.

The Complaint alleges that even though U.S. Bank as Trustee claims to own the Note and Mortgage, it "has never been assigned the mortgage." Compl. ¶¶ 7-8. In fact, through a series of assignments, U.S. Bank as Trustee owns the Note and Mortgage. *Id.* ¶¶ 7, 9, 10-17. The Complaint further alleges that Patricia A. Davis purported to sign an assignment of the Mortgage from OOMC (under its new name, Sand Canyon Corporation) to American Home Mortgage Servicing, Inc. on March 26, 2009, but that assignment is invalid because on March 18, 2009, Dale

Sugimoto, the alleged president of Sand Canyon Corporation, allegedly stated under oath that OOMC no longer owned any mortgages. *Id*. ¶¶ 9-10, Exhibit C thereto and ¶¶ 12-14, Exhibit D thereto. The Complaint alleges that somehow Mr. Sugimoto's statement under oath voided the assignment to AHMSI and thus the assignment did not convey the Note or Mortgage. *Id.* ¶ 16.

The Mortgage was subsequently assigned by AHMSI (under its new name Homeward Residential, Inc.) to U.S. Bank as Trustee on September 7, 2012. Compl. ¶ 17 and Exhibit E thereto. The Complaint alleges that the 2012 assignment to U.S. Bank as Trustee was void because it "did not follow the statutory scheme for assignments," and Sarah Hix, who signed the assignment, "did not sign this document and was not a Vice President of Homeward Residential, Inc. but was an employee of Security Connections, Inc." *Id*. ¶¶ 18-19. For these reasons, the Complaint alleges that the assignment to U.S. Bank as Trustee "was void" and "did not convey [Plaintiffs'] mortgage." *Id.* ¶ 18.

### B.  Claims Raised In the Complaint.

Plaintiffs filed the Complaint against Defendants in the Superior Court of Rhode Island, Kent County, on June 2, 2022, numbered Case No. KC-2022-0402. Underlying every count of the Complaint is the assertion that U.S. Bank as Trustee does not own the Note and Mortgage. Compl. ¶¶ 8, 45, 64-65, 77, 84-85):

- Count I (Breach of Contract) alleges that U.S. Bank as Trustee failed to strictly comply with the terms of the Mortgage "by not having a valid assignment of mortgage and by not holding an endorsed note" which "renders void any attempt to" foreclose on the Plaintiffs' Property. Compl. ¶ 45.

- Count II (Injunctive Relief) seeks to enjoin Defendants from foreclosing on their Property due to "the fact that U.S. Bank [as Trustee] has not been assigned the mortgage nor is the holder of the note." Compl. ¶ 64.

- Count III (Rhode Island Fair Debt Collection Practices Act ("RIFDCPA")) alleges that PHH violated the RIFDCPA because "it stated that U.S. Bank [as Trustee] could exercise the statutory power of sale" even though "U.S. Bank [as Trustee]

>did not have a valid conveyance of the mortgage by an assignment of mortgage." Compl. ¶ 77.

Even though it repeatedly challenges U.S. Bank as Trustee's ownership of the Note and Mortgage, the Complaint also states, "[t]he amount claimed for damages is less than $20,000." Compl. ¶ 59.

## II.   LEGAL STANDARD

As set forth in 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts have original jurisdiction."  The United States District Court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

This Court has previously explained that in cases where injunctive relief is sought, "the amount in controversy is measured by the value of the object of the litigation." *Hernandez v. US Bank, N.A.*, 318 F. Supp. 3d 558, 559 (D.R.I. 2018) (Smith, J.) (*citing Hunt v. Wash. State. Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  In cases where plaintiffs' requested relief ultimately will "enjoin foreclosure indefinitely," the amount in controversy may be represented by "the original amount of the note [or] or the current level of indebtedness, [or] the value of the property." *Hernandez*, 318 F. Supp. 3d at 561.

## III.   ARGUMENT

This Court has jurisdiction because the Complaint challenges the validity of the allonge to the Note and the two assignments of the Mortgage.  Compl. ¶¶ 3-19.  Despite Plaintiffs' arguments in their Motion that they are merely seeking monetary damages and a "temporary" injunction, the Complaint also seeks a determination that U.S. Bank as Trustee was never assigned the Mortgage

in the first instance. Thus, the Complaint challenges Defendants' ownership of the Note and Mortgage, placing the true amount in controversy well above the statutory threshold.[1]

Plaintiff's Motion to Remand asserts that the monetary damages sought in the Complaint do not exceed $20,000 and the injunctive relief sought is limited to prevent foreclosure only until "the procedure is followed." Motion at p. 7. The Motion mischaracterizes Plaintiffs' own allegations in the Complaint, which state that "US Bank has not been assigned the mortgage nor is the holder of the note." Compl. ¶ 64; *see also* Compl. ¶ 8 (alleging that U.S. Bank as Trustee "has never been assigned the mortgage."). Thus, by stating that U.S. Bank as Trustee does not own the Note or Mortgage, Plaintiffs actually allege that U.S. Bank as Trustee has ***no legal right to ever*** foreclose on the Mortgage.

Plaintiffs' reliance on *Walker* and *Pimentel* is inapposite. In *Walker v. Bank of New York Mellon*, the Court found that the injunction sought by the plaintiff was limited to block only the immediate foreclosure attempt pending a loan modification and was therefore only temporary. C.A. No. 19-310 WES, 2021 WL 514144, at *2 (D.R.I. February 11, 2021) (*Smith, J.*). This Court made clear in *Walker* that where a plaintiff seeks to "extinguish a defendant's mortgage interest or permanently prevent the defendant from foreclosing," the amount in controversy will be measured by "the value of the property, the face value of the loan, or the amount owed on the loan." *Id.* (internal quotations and citations omitted.) The Court went on to distinguish the fact pattern in *Walker* from others where there are "challenges to the validity of the mortgage, the defendant's

---

[1] In addition to Plaintiffs' challenge to the assignments of the Mortgage to U.S. Bank, Plaintiffs' allegations regarding the validity of the allonge to the Note, which they specify in the Complaint occurred before closing, suggest that they also intend to challenge Defendants' ownership of the Note itself.

5

title, or the defendant's authority to foreclose." *Id.* (citing *Bobola v. Wells Fargo Bank, N.A,* CV 14-14735-MLW, 2016 WL 4844039, at *3 (D. Mass. Sept. 13, 2016) (collecting cases)).

The present Complaint sets forth the exact claim that this Court in *Walker* stated would satisfy the amount in controversy requirement for diversity jurisdiction. Each count of the Complaint alleges that U.S. Bank as Trustee **does not** own the Note and Mortgage. *See e.g.*, Compl. at ¶¶ 45 (as to Count I); 64 (as to Count II); 77, 84-85 (as to Count III). Unlike in *Walker*, U.S. Bank as Trustee's entire interest in the Mortgage would, in fact, be extinguished by granting Plaintiffs the relief they seek through each and every count of the Complaint. Thus, the appropriate measure of the amount in controversy is the amount owed on the Note and Mortgage, which is alleged to be $270,000.00, far in excess of $75,000. Compl. ¶ 40; *see McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 214 (1st Cir. 2012) (loan amount is the appropriate measure of the amount in controversy where plaintiff alleged that defendant was "no longer the holder of the note ... and therefore [could not] foreclose on her home").

Likewise, *Pimentel v. Deutsche Bank* does not apply because the plaintiffs' three counts were explicitly for <u>monetary</u> damages only. 483 F. Supp. 3d 141, 143 (D.R.I. 2020). In *Pimentel,* none of the counts sought injunctive relief or otherwise challenged the ownership of the mortgage. Here, unlike in *Pimentel*, Plaintiffs have also brought a claim for injunctive relief and seek a determination that U.S. Bank as Trustee does not own the Note or Mortgage. Plaintiffs attempt to analogize their Complaint to that in *Pimentel* by mischaracterizing their Complaint as seeking only $20,000 in damages. Motion at 7. Not only is the amount of damages sought in the Complaint arbitrarily chosen, it is not the only relief sought. Plaintiffs are seeking $20,000 in damages, ***<u>in addition to a determination that U.S. Bank as Trustee does not own the Mortgage</u>***.

IV. **CONCLUSION**

Throughout their Complaint, Plaintiffs repeatedly allege that U.S. Bank as Trustee is not the owner of the Note or Mortgage. The amount of the Note and Mortgage is alleged to be $238,000.00. Compl. ¶ 40. Thus, as set forth in Defendant's Notice of Removal, the amount in controversy far exceeds $75,000. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and removal was proper.

WHEREFORE, Plaintiffs' Motion to Remand should be denied.

    Respectfully submitted,

    U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS THROUGH CERTIFIEDS, SERIES 2005-4 AND PHH MORTGAGE CORPORATION

    By their Attorneys,

    */s/ Alexandra G. Lancey*
    Joseph A. Farside, Jr. (#7559)
    Krystle G. Tadesse (#7944)
    Jeffrey C. Ankrom (#7663)
    Alexandra G. Lancey (#10270)
    LOCKE LORD LLP
    2800 Financial Plaza
    Providence, RI  02903
    (401)-274-9200
    (401) 276-6611 (Fax)
    joseph.farside@lockelord.com
    krystle.tadesse@lockelord.com
    jeffrey.ankrom@lockelord.com
    alexandra.lancey@lockelord.com

Dated: August 1, 2022

## **CERTIFICATE OF SERVICE**

      I certify that on the 1st day of August, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920

                                                                               */s/ Alexandra G. Lancey*