```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
THOMAS HAGGERTY and SUSANNAH        )
BLOOD                               )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )   C.A. No. 22-235 WES
                                    )
U.S. BANK NATIONAL ASSOCIATION,     )
as Trustee for Structured Asset     )
Investment Loan Trust Mortgage      )
Pass Through Certifieds,            )
Series 2005-4, and PHH MORTGAGE     )
CORPORATION                         )
                                    )
          Defendants.               )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

After Defendants removed this case from Rhode Island Superior Court, Plaintiff filed the instant Motion to Remand, ECF No. 6. For the reasons that follow, Plaintiff's motion is DENIED.

I.   Background

In 2004, Plaintiffs executed a mortgage on their home in South Kingstown, Rhode Island. Compl. ¶¶ 1, 6, ECF No. 1-2. The mortgage loan eventually became delinquent, and a foreclosure sale was set for June 3, 2022. Id. at ¶¶ 26, 28.

The day before the scheduled sale, Plaintiffs filed a complaint in the Rhode Island Superior Court alleging that Defendant U.S. Bank National Association ("US Bank") did not have

the mortgage or note and that Defendants failed to follow the terms of the note and mortgage in initiating the foreclosure. See id. at ¶¶ 3-43. Specifically, Plaintiffs assert that although Defendant US Bank claims to own the note and mortgage, it "has never been assigned the mortgage." Id. at ¶¶ 7-8. Plaintiffs also allege that the mortgage servicer, Defendant PHH Mortgage Corporation ("PHH"), failed to properly provide notice of the foreclosure. Id. at ¶¶ 27-38. Thus, they argue that "[t]he failure of US Bank to strictly comply with the terms of the note and mortgage and without having been assigned the mortgage and without an [i]ndorsed note . . . renders void any attempt to commence the alleged foreclosure." Id. at ¶ 43.

Plaintiffs organize their complaint into three counts: First, they claim breach of contract and breach of the covenant of good faith and fair dealing because Defendants failed "to strictly comply with the terms of the note and mortgage," to have "a valid assignment of mortgage," and to "hold[] an [i]ndorsed note." Id. at ¶ 45. Second, they seek injunctive relief based on Defendants' alleged failure to comply with the terms of the note and mortgage and the provisions of R.I. Gen. Laws § 34-27-4(b), which concerns publication of notice under power of sale. Compl. ¶¶ 61-62. Third, Plaintiffs claim that PHH's actions violated the Rhode Island Fair Debt Collection Practices Act, R.I. Gen. Laws § 14-

2

14.9-1 et seq.

Plaintiffs seek monetary damages totaling approximately $32,000, an injunction barring foreclosure unless and until Defendants comply with the terms of the mortgage, and "[a]ll other just and proper relief." Id. at ¶¶ 59, 67, 75-90. Defendants removed the action to this Court, asserting diversity jurisdiction. See Notice Removal ¶ 2, ECF No 1. Plaintiffs then filed the instant Motion to Remand.

II.  Discussion

Plaintiffs argue that the case must be remanded because the amount in controversy does not exceed the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332. See Pls.' Mem. Supp. Mot. Remand 3 ("Pls.' Mem."), ECF No. 6-1. Plaintiffs argue that because they are seeking, at most, $40,000 in damages for harm caused, the amount in controversy requirement is not satisfied. In response, Defendants argue that because the Complaint challenges their ownership of the promissory note and mortgage, the proper measure of the amount in controversy is the amount owed on the note. Defs.' Mem. Supp. Obj. Mot. Remand 6 ("Defs.' Mem."), ECF No. 8. Plaintiffs allege that the remaining balance of the loan is $270,000, Compl. ¶ 40, and Defendants argue that, because that amount is far in excess of $75,000, the amount

in controversy requirement is satisfied. Defs.' Mem. 6.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation and quotations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). However, the First Circuit has explained that "where a complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount . . . [or] the unpaid principal balance on the note as of the date of removal." McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212–13 (1st Cir. 2012) (citations and quotations omitted) (holding that amount in controversy requirement was met where property value, original loan amount secured by home mortgage, and debt remaining all exceeded $75,000); see also Jepson v. Mortg. Elec. Registration Sys., Inc., 18-cv-12461-ADB, 2019 WL 1208804 at *2

4

(D. Mass. Mar. 14, 2019) ("[C]ourts . . . have found that when the allegations in [a] complaint go to the essence of the validity of [a] mortgage and [the mortgagee's] right to foreclose, the face value of the loan is the appropriate measure for the amount in controversy." (internal quotation marks omitted)).

This is one such case.  Despite Plaintiffs' arguments to the contrary, the Complaint must be read as challenging the Defendants' interest in the property.  A significant portion of the facts laid out in the Complaint are devoted to Plaintiff's assertion that US Bank was never assigned the note or mortgage.  See Compl. ¶¶ 3, 8-11, 14-19, 43.  Further, this asserted lack of interest makes up part of the basis for the claim that Defendants breached the terms of the mortgage and note and breached the covenant of good faith and fair dealing.  See id. at ¶¶ 44-59.  Thus, despite the fact that Plaintiffs ask for less than $40,000 in damages, the Complaint also asks this Court to find that Defendants have no interest in the property, and therefore the proper measure of the amount in controversy is either the value of the property, the loan amount, or the unpaid principal balance on the note.  See Walker v. Bank of N.Y. Mellon, No. 19-310-WES, 2021 WL 514144 at *2 (D.R.I. Feb. 11, 2021); see also McKenna, 693 F.3d at 212 (reserving the question of which test should apply but expressing a preference for face-value-of-the-loan test).  Here, under any measure, the

5

amount in controversy requirement is met: the loaning bank accepted the property as adequate security for a $238,000 loan, "making it highly likely that . . . the property was worth at least $75,000," McKenna, 693 F.3d at 213; Plaintiffs allege that they owe $270,000 on the loan, Compl. ¶ 40; and the original loan was for $238,000, PXA, ECF No. 3 at 39.  Thus, the amount in controversy requirement is met.[1]

---

[1] Plaintiff asserts that this case is akin to Walker v. Bank of New York Mellon, No. 19-310-WES, 2021 WL 514144 at *2 (D.R.I. Feb. 11, 2021), where this Court remanded a similar case challenging a foreclosure action.  See Mem. Supp. Mot. Remand 6–7, ECF No. 6-1.  However, the cases are dissimilar.  In Walker, only "a single paragraph in the fact section of the [c]omplaint dispute[d] that the Bank [wa]s the assignee of the mortgage or holder of the note." Id. at *2 n.2.  Therefore, the Court concluded that the complaint did "not contain a meaningful challenge to the Bank's interest in the property." Id.  Here, as discussed, much of the Complaint is devoted to challenging Defendants' interest in the property, and, accordingly, the Complaint mounts a meaningful challenge to Defendants' interest.

III. Conclusion

Plaintiff's Motion to Remand, ECF No. 6, is DENIED. Accordingly, Plaintiff's request for attorney's fees, Pls.' Mem. 8-9, is also denied.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith

District Judge

Date:  December 1, 2022