UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS HAGGERTY : <br> SUSANNAH BLOOD : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> U.S. BANK NATIONAL ASSOCIATION AS : <br> TRUSTEE FOR STRUCTURED ASSET : <br> INVESTMENT LOAN TRUST MORTGAGE : <br> PASS THROUGH CERTIFIEDS, SERIES 2005-4; : <br> PHH MORTGAGE CORPORATION : <br> : <br> Defendants. : | C. A. No. 1:22-cv-00235-WES-PAS |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO SERVE

Defendants U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass Through Certifieds, Series 2005-4 ("U.S. Bank as Trustee") and PHH Mortgage Corporation ("PHH;" collectively "Defendants") move to dismiss the Complaint in this action filed by plaintiffs Thomas Haggerty and Susannah Blood ("Plaintiffs") pursuant to *Fed. R. Civ. P.* 12(b)(5) for insufficiency of service of process. Plaintiffs failed to serve the summons and complaint on the Defendant within the time established by *Fed. R. Civ. P.* 4(m).

## STANDARD OF LAW

Dismissal pursuant to *Fed. R. Civ. P.* 12(b)(5) for insufficient service of process is appropriate when service was not perfected as required under state law prior to removal. *Osborne v. Sandoz Nutrition Corp.*, 67 F.3d 289, 1995 WL 597215, * 1-2 (1st Cir. 1995) (per curiam); *Feliz v. MacNeill*, 493 Fed. Appx. 128, 131 (1st Cir. 2012). When the sufficiency of process is challenged under Rule 12(b)(5), the burden is on the plaintiff to prove proper service. *See Vazquez–Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014).

132227531v.1

## ARGUMENT

Defendants move to dismiss under *Fed. R. Civ. P.* 12(b)(5) for insufficiency of service of process because Plaintiffs have not served the summons and complaint on the Defendants within the time permitted by *Fed. R. Civ. P.* 4(m). That rule provides in relevant part, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "In cases removed from state court, the 90-day clock does not begin to run until the action is removed." *Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 84 (D. Mass. 2016), citing *Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010). The failure to properly serve a defendant within the time period of *Fed. R. Civ. P.* 4(m) is grounds for dismissing the complaint. *See Batavitchene v. Taupa Lithuanian Fed. Credit Union*, NO. 17-10073-GAO, U.S. Dist. LEXIS 122124 at *2-4 (D. Mass. August 3, 2017).

Plaintiffs filed this action in Rhode Island Superior Court on June 2, 2022. *See* State Court Record (ECF No. 3). Defendants removed the matter to this Court on June 20, 2022. See Notice of Removal (ECF No. 1). More than 90 days have elapsed and Plaintiffs have not yet served this action on the Defendants. Plaintiffs have not shown any efforts to effectuate service, nor have they requested an extension of time from this Court. Because Plaintiffs have not complied with Rule 4(m), the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted for insufficient service of process.

        Respectfully submitted,

        U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS THROUGH CERTIFIEDS, SERIES 2005-4 AND PHH MORTGAGE CORPORATION

        By their Attorneys,

        */s/ Krystle G. Tadesse*
        Joseph A. Farside, Jr. (#7559)
        Krystle G. Tadesse (#7944)
        Jeffrey C. Ankrom (#7663)
        Alexandra G. Lancey (#10270)
        LOCKE LORD LLP
        2800 Financial Plaza
        Providence, RI  02903
        (401)-274-9200
        (401) 276-6611 (Fax)
        joseph.farside@lockelord.com
        krystle.tadesse@lockelord.com
        jeffrey.ankrom@lockelord.com
        alexandra.lancey@lockelord.com

Dated: March 10, 2023

## CERTIFICATE OF SERVICE

    I certify that on the 10th day of March, 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920

        */s/ Krystle G. Tadesse*

132227531v.1